AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
FEB 2 2 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.  19MJ0778
iPhone 6 cellular phone )
IMEI No. 359303060711665 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is incorporated by reference.

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, which is incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 952, 960 and 963 | Importation of controlled substances and conspiracy to do the same |

The application is based on these facts:
See Affidavit of HSI Special Agent Daniel Lundberg, which is hereby incorporated by reference and made part hereof.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Daniel Lundberg, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/22/19

_____
*Judge's signature*

City and state: San Diego, CA      Hon. Karen S. Crawford, Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Homeland Security Investigations (HSI) Special Agent Daniel Lundberg, being duly sworn, hereby state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for a warrant to search the following electronic devices (collectively, the **"Target Devices"**):

   iPhone 6 cellular phone
   IMEI No. 359303060711665;

   LG Aristo 2 cellular phone
   IMEI No. 356233097589714;

   Samsung Galaxy S6 cellular phone
   IMEI No. 359356064122503;

as described in Attachment A, and seize evidence of crimes, specifically violations of Title 21, United States Code, Section(s) 952, 960, and 963. This search relates to the investigation and prosecution of Maria Zuniga ("Defendant") for the crimes mentioned above. Specifically, Defendant has been charged with the importation of approximately 22.64 kilograms of methamphetamine and 2.76 kilograms of cocaine in the Southern District of California (Case No. 18-CR-5218-WQH).

2. The **Target Devices** were seized from Defendant on November 6, 2018, at the time of her arrest at the Otay Mesa Port of Entry, and are currently being stored by HSI at 2255 Niels Bohr Ct., San Diego CA 92154. Based on the information below, there is probable cause to believe that a search of the **Target Devices** will produce evidence of the aforementioned crimes, as described in Attachment B.

3. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Devices**, it does not contain all of the information known by me or other federal agents regarding this investigation.

## EXPERIENCE AND TRAINING

4. I have been employed as a Special Agent with HSI since 2016. Before

1

becoming a Special Agent, I was employed at the Dorchester County Sheriff's Office in South Carolina for almost 10 years. I started my career at the Sheriff's Office as a patrol deputy before becoming a narcotics investigator, and was eventually promoted to the narcotics unit sergeant. During my career as a law enforcement officer, I have worked on numerous narcotics-related cases and have taken part in more than 800 narcotics-related arrests. In addition, as part of my training to become a Special Agent, I completed the Federal Law Enforcement Training Center Criminal Investigator Training Program and the HSI Special Agent Training program.

5. Through my training, experience, and conversations with other law enforcement personnel, I have become knowledgeable about narcotics trafficking operations and the language and patterns of narcotics abuse and trafficking. I am aware that it is common practice for narcotics smugglers to work in concert with other individuals by utilizing cellular phones to maintain communications with co-conspirators. Conspiracies involved in the smuggling and trafficking of narcotics often generate cellular phone-related evidence, *e.g.*, with regard to drug importation cases, load drivers smuggling controlled substances across the United States/Mexico border are often in telephonic contact with co-conspirators around the time of the crossing of the load vehicle for purposes of receiving instructions or updating the conspiracy on their status.

6. Based upon my training, experience, and consultations with other law enforcement officers experienced in narcotics trafficking investigations, I submit the following:

    a. Drug traffickers will use cellular/mobile telephones because they are mobile and permit ready access to telephone calls, and text, web, and voice messages.

    b. Drug traffickers will use cellular/mobile telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

    c. Drug traffickers and their accomplices will use cellular/mobile telephones because they can easily arrange and/or determine what time their illegal

cargo will arrive at predetermined locations.

d. Drug traffickers will use cellular/mobile telephones to coordinate a drop off and/or pick up time for their illegal cargo.

e. Drug traffickers will use cellular/mobile telephones to notify or warn their accomplices of law enforcement activity, including the presence of marked units, as well as the operational status of checkpoints and border crossings.

f. Drug traffickers and their co-conspirators often use cellular/mobile telephones to communicate with persons who transport their narcotics and/or proceeds from narcotics trafficking.

7. Further, I am aware that cellular/mobile telephones can and often do contain electronic records, phone logs, contacts, voice and text communications, and data such as emails, text messages, chats, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone. Specifically, I know based upon my training, education, and experience that searches of cellular/mobile telephones often yield evidence:

a. tending to indicate efforts to import methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

3

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

8. On November 6, 2018, at approximately 12:50 a.m., Defendant applied for entry into the United States from Mexico at the Otay Mesa Port of Entry. Defendant was accompanied by her four children, who are 4, 8, 10, and 13 years old.[1] While in the pre-primary inspection area, a canine alerted to Defendant's vehicle. Due to the canine alert, Defendant was sent to secondary inspection, and Defendant's vehicle was driven through the Z-portal x-ray machine. The Z-portal operator observed anomalies in Defendant's vehicle, and CBP Officers subsequently searched Defendant's vehicle. CBP found 15 packages weighing approximately 22.64 kilograms (49.91 pounds) of a substance that field tested positive for methamphetamine and 2 packages weighing approximately 2.76 kilograms (6.08 pounds) of a substance that field tested positive for cocaine. The packages were found in a spare tire located under the vehicle. In order to lower the tire, a special tool was needed, as well as access to the rear cargo area of the vehicle. The required tool was found inside Defendant's vehicle in the rear cargo area. Defendant was placed under arrest, and the **Target Devices** were seized from Defendant at the time of her arrest.

9. Based upon my experience and investigation in this case, I believe that Defendant, as well as other persons as yet unknown, were involved in an ongoing conspiracy to import methamphetamine and cocaine into the United States from Mexico. Based on my experience investigating narcotics smugglers, I also believe that Defendant may have used the **Target Devices** to coordinate with co-conspirators regarding the importation and distribution of methamphetamine and cocaine, and to otherwise further this conspiracy.

10. Additionally, based upon my training, experience, and consultation with other

---

[1] Given their ages, I believe it is unlikely that any of the **Target Devices** belong to Defendant's children, and, in my experience, it is not uncommon for narcotics traffickers to have multiple cellular phones.

law enforcement officers, and all the facts and opinions set forth in this affidavit, I believe recent calls made and received, telephone numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of the **Target Devices** which may identify other persons involved in narcotics trafficking activities. Accordingly, I believe that information relevant to the narcotics trafficking activities of Defendant, such as telephone numbers, made and received calls, contact names, email addresses, appointment dates, messages, pictures, audio files, videos, and other digital information are stored in the memory of the **Target Devices**.

11. Finally, I am aware that drug trafficking conspiracies may require planning and coordination in the days and weeks prior to a smuggling event, and that co-conspirators are often unaware of a subject's arrest and will continue to attempt to communicate with a subject until sometime after the subject's arrest to determine the whereabouts of the narcotics. Based upon my training and experience, individuals like Defendant will often attempt to minimize the amount of time they were involved in illicit smuggling activities and may be involved for weeks and months longer than they claim. Given those facts, I respectfully request permission to search the **Target Device** for data for a time period beginning on August 1, 2018, up to and including November 6, 2018.

## METHODOLOGY

12. It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the

network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

13. Following the issuance of this warrant, I will collect the subject cellular/mobile telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

14. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

**PRIOR ATTEMPTS TO OBTAIN INFORMATION**

15. Pursuant to its border search authority, HSI conducted earlier downloads of the **Target Devices** on the day of Defendant's arrest; however, no information obtained during those downloads has been used in preparing this affidavit.

**CONCLUSION**

16. Based on all of the facts and circumstances described above, there is probable cause to conclude that Defendant used the **Target Devices** to facilitate violations of Title 21, United States Code, Section(s) 952, 960, and 963.

17. Because the **Target Devices** were promptly seized during the investigation of Defendant's narcotics trafficking activities and has been securely stored, there is probable cause to believe that evidence of illegal activities committed by Defendant continues to exist on the **Target Devices**. As stated above, I believe that a reasonable date range for this search is from August 1, 2018, up to and including November 6, 2018.

18. WHEREFORE, I request that the court issue a warrant authorizing law enforcement agents and/or other federal and state law enforcement officers to search the items described in Attachment A, and the seizure of items listed in Attachment B, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Special Agent Daniel Lundberg
Homeland Security Investigations

Subscribed and sworn to before me this 22nd day of February, 2019.

Hon. Karen S. Crawford
United States Magistrate Judge

7

## ATTACHMENT A

PROPERTY TO BE SEARCHED

The following property is to be searched:

    iPhone 6 cellular phone
    IMEI No. 359303060711665;

    LG Aristo 2 cellular phone
    IMEI No. 356233097589714;

    Samsung Galaxy S6 cellular phone
    IMEI No. 359356064122503;

    (collectively, the "**Target Devices**")

The **Target Devices** are currently being stored by Homeland Security Investigations at 2255 Niels Bohr Ct. San Diego CA 92154.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the cellular/mobile telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone for evidence described below. The seizure and search of the cellular/mobile telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of August 1, 2018, up to and including November 6, 2018:

a. tending to indicate efforts to import methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of methamphetamine, cocaine, and other federally controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Sections 952, 960, and 963.**